IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004

## STATE OF TENNESSEE v. CORWIN FITCHPATRICK

**Appeal from the Criminal Court for Shelby County**
**No. 02-06807   Chris Craft, Judge**

_____

**No. W2003-01799-CCA-R3-CD  - Filed June 8, 2004**

_____

The defendant, Corwin Fitchpatrick, was convicted by a Shelby County jury of the offense of aggravated robbery. He was sentenced to fifteen years imprisonment as a Range II multiple offender. In this appeal the defendant maintains the evidence is insufficient to support the verdict. After a review of the record, we find no merit to the defendant's contention; therefore the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JAMES CURWOOD WITT, JR., JJ., joined.

Garland Erguden, Assistant Public Defender, Memphis, Tennessee for the appellant, Corwin Fitchpatrick.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On April 3, 2001, around midnight, the defendant robbed the attendant at the drive-thru window of a Taco Bell in Memphis. According to the Taco Bell employee who was threatened by the defendant, the defendant pointed what appeared to be a gun at her and demanded that she put all the money in a cup. The "gun" was covered in black cloth. When the victim attempted to close the drive-thru window the defendant told the victim to leave the window open or he would start shooting.

Following the robbery, at a photographic line-up, the victim identified the defendant as the robber. When interviewed by police the defendant admitted robbing the Taco Bell using a plastic wiffle ball bat taped up to resemble a gun. The bat was also covered in a black barber's cape. The defendant admitted he had attempted to make the bat look like a gun.

## Sufficiency of the Evidence

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Tilson, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Id. at 779.

Aggravated robbery is defined as robbery accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. Tenn. Code Ann. § 39-13-402(a)(1) (1997). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(1) (1997).

In the instant case the defendant does not question the jury's verdict that he robbed the Taco Bell in question. Rather he complains that the evidence is insufficient that the wiffle ball bat was reasonably perceived by the Taco Bell employee to be a deadly weapon thereby making the crime only simple robbery as opposed to aggravated robbery.

However, the defendant admitted he fashioned the bat to resemble a gun. The Taco Bell employee testified it appeared to her to be a gun. The defendant threatened to shoot the employee if she did not comply with his demands. The defendant pointed the bat as if it were a gun. Under these circumstances the evidence is more than sufficient to conclude beyond a reasonable doubt that the wiffle ball bat was "used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. § 39-13-402(a)(1) (1997). This issue is without merit.

## Conclusion

In light of the foregoing, the judgment of the trial is AFFIRMED.

 

 

 

_____

JERRY L. SMITH, JUDGE